IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01173-BNB

EDWARD ALLEN, aka EDWARD CLUTTS,

    Plaintiff,

v.

RICK RA[E]MIS[C]H,
UNKNOWN EXECUTIVE DIRECTOR DESIGNEE,
ANTHONY DeCESARO,
DONALD CONFIELD,
LOVOREN HEERMONN,
WARDEN STERLING CORRECTIONAL FACILITY,
UNKNOWN WARDEN OF STERLING DESIGNEE, and
OFFICER BOEFF,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Edward Allen, aka Edward Clutts, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting constitutional claims arising out of the conditions of his confinement.

On June 9, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Plaintiff failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and did not allege the personal participation of each named Defendant in a deprivation of his constitutional rights.  Magistrate Judge Boland therefore ordered the Plaintiff to file an Amended Complaint within thirty days of the June 9 Order.  Mr. Allen filed an Amended Complaint

on July 11, 2014.  (ECF No. 11).  Also pending is a "Motion Pursuant to F.R.C.P. 65" (ECF No. 12), filed on July 11, 2014.

Mr. Allen has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Allen is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Amended Complaint and this action will be dismissed.

The Amended Complaint asserts four claims for relief: (1) Defendant Raemisch, the executive director of the DOC, or Defendant Unknown Executive Director Designee, have forced Mr. Allen to choose between his constitutional right to receive adequate medical care in prison and his constitutional right of access to the courts by scheduling him for medical/dental appointments and law library visits at the same time; (2) Plaintiff was denied his constitutional right of access to the courts when a small claims case he filed in the Logan County Court was dismissed after he failed to respond timely to the Colorado Attorney General's motion to dismiss and request for attorneys fees; (3) the Defendant Unknown Warden of Sterling Designee violated Plaintiff's due process rights by: placing him in segregation for approximately 45 days without complying with the

DOC administrative regulations; placing him in a living unit with security threat group (STG) members who assaulted him; and, in failing to restore Plaintiff's prison job after he was removed from segregation; and, (4) Plaintiff was deprived of his personal property, in violation of the Constitution, when Defendants Heermann and/or Boeff destroyed his coaxial multi-outlet tv cable and stereo earphones, or allowed someone else to take his property.  Mr. Allen seeks damages and injunctive relief.

**A. Review of Amended Complaint**

### 1. Claim One

Mr. Allen's first claim for relief is not actionable under § 1983.  The Constitution is not offended merely because a prisoner is forced to choose between attending a dental/medical appointment or visiting the law library.  Rather, the inmate states a claim for relief under the Eighth Amendment claim by alleging facts to demonstrate that prison officials acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("a prison official may be held liable . . .  only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").  Alternatively, the inmate can state a claim for violation of his constitutional right of access to the courts by alleging facts to show that he suffered an actual injury to his ability to pursue a non-frivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343 (1996).

In claim one, Mr. Allen does not allege any facts to show an arguable deprivation of his Eighth Amendment right to adequate medical/dental care or that he was denied his constitutional right of access to the courts.  Accordingly, claim one will be dismissed as legally frivolous.

**2. Claim Two**

In his second claim, Mr. Allen contends that he was denied his constitutional right of access to the courts. Plaintiff alleges that a small claims case he filed in the Logan County Court to recover "lost wages on a COPD violation to which the Plaintiff was exonerated" (ECF No. 11, at 6) was dismissed on March 19, 2013, after he failed to respond timely to the Colorado Attorney General's motion to dismiss and request for attorneys fees, filed on February 25, 2013, approximately eight days before trial. Plaintiff alleges that he was unable to prepare a response by the court-ordered deadline because he was not allowed sufficient access the law library. Specifically, he asserts that Defendant Raemisch and/or Defendant Unknown Executive Director Designee transferred him three times to different detention facilities during the response period, which prevented him from the necessary law library access to complete and mail his response to the court. Plaintiff also sues Defendants Confield and DeCesaro, grievance officers, for failing to take appropriate remedial action.

Prisoners have a constitutional right to adequate, effective, and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). In order to state a claim for denial of access to the courts, a prisoner must demonstrate actual injury from the alleged interference by alleging facts to show how he was impeded in his effort to pursue a particular nonfrivolous legal claim. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (applying actual-injury requirement recognized in *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). However, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 554. The guarantee of access to the courts requires prisons to provide legal tools "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the [constitutionality of the]

conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 555.  (Emphasis in the original).  The constitutional right of access to the courts does not extend to a capacity to litigate claims in small claims court such as Mr. Allen's lost wages claim.

Plaintiff's second claim for relief will be dismissed as legally frivolous.  Because Mr. Allen fails to state an arguable constitutional deprivation in claim two, the Court need not address whether he has alleged adequately the personal participation of the named Defendants.

**3.  Claim Three**

For his third claim, Mr. Allen asserts that the Defendant Unknown Warden of Sterling Designee violated his constitutional rights by: placing him in segregation for approximately 19 days (from April 5, 2012 to April 24, 2012) without complying with the DOC administrative regulations, causing Plaintiff to forfeit wages from his prison job; placing him in a living unit with security threat group prisoners who assaulted Plaintiff; and, by failing to restore Plaintiff's prison job after he was removed from segregation. (ECF No. 11, at 7).

With regard to Mr. Allen's placement in segregation for 19 days, the threshold inquiry for a due process claim is whether Plaintiff has alleged facts that would plausibly implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A liberty interest exists only when the conditions of segregation impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (atypical and significant hardship).

Mr. Allen does not allege any facts to show that the conditions of his segregation

were atypical. The fact that he was not allowed to work at his prison job and earn wages during his confinement in segregation was not atypical or significant. *See Anderson v. Cunningham*, No. 08-1349, 310 F. App'x 706, 711 (10th Cir. March 30, 2009) (unpublished) (stating that the "loss of a bonus payment cannot support [the plaintiffs] due process violation claim. Restricting payments for prison employment is not an atypical, significant deprivation); *see also Ziegler v. Whitney,* No. 04-6166, 112 F. Appx. 699, 701 (10th Cir. 2004) (unpublished) (citing *Washlefske v. Winston,* 234 F.3d 179, 184 (4th Cir.2000)). As such, Plaintiff's 19-day segregation does not implicate the Due Process Clause. *See Sandin*, 515 U.S. at 475-76 (holding that 30 days in disciplinary segregation did not implicate a liberty interest); *Gee*, 627 F.3d at 1193-94 (holding that four weeks in an isolation cell without additional facts to show an atypical and significant hardship did not implicate a liberty interest); *Meek v. Jordan*, No. 13-1249, 534 F. App'x 762, 765 (10th Cir. Aug. 20, 2013) (unpublished) (rejecting prisoner's claim that punitive segregation for 60 days implicated a liberty interest, absent additional facts to show atypical conditions).

Mr. Allen also asserts that the Defendant Unknown Warden of Sterling Designee was responsible for his placement in the living unit where he was assaulted by some STG members. However, Plaintiff's allegations are too vague to state an arguable Eighth Amendment violation. *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D.Colo.1991) (vague and conclusory allegations that his federal constitutional rights have been violated "do[ ] not entitle a *pro se* pleader to a day in court, regardless of how liberally [the court] construes such pleadings."), *aff'd*, 961 F.2d 916 (10th Cir.1992). Plaintiff does not describe the assault or allege that he suffered any injuries, and he does not state specific facts to show that the Sterling warden or warden designee was aware of

a "substantial risk of serious harm" to Plaintiff at the time of his placement in the living unit, or that the Defendant acted with deliberate indifference to Plaintiff's safety.  *See Farmer*, 511 U.S. at 847.

In the June 9 order directing him to file an amended complaint, Magistrate Judge Boland specifically advised Mr. Allen that, for each claim he asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir.2007).  Magistrate Judge Boland further warned Plaintiff that he must allege specific facts to show the personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010).   Mr. Allen fails to allege facts to state an arguable Eighth Amendment claim against the Defendant Unknown Warden of Sterling Designee arising from the assault.

Finally, because Mr. Allen does not have a constitutional right to prison employment, the loss of his prison job, and the Defendant Unknown Warden of Sterling Designee's failure to restore Plaintiff's job after he was removed from segregation, is not actionable under §1983.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir.1996) (prisoner does not have a protected liberty interest in his prison job.).

7

Accordingly, the third claim for relief will be dismissed as legally frivolous.

### 4. Claim Four

Mr. Allen next claims that he was deprived of his personal property, in violation of the Constitution, when Defendants Heermann and/or Boeff destroyed his coaxial multi-outlet tv cable and stereo earphones, or allowed someone else to take the items. He further alleges that Defendant DeCesaro denied his grievance for his administrative claim.

Plaintiff's allegations regarding loss or confiscation of his personal property are insufficient to state an arguable due process violation. Insofar as prison officials merely acted with simple negligence, that would not be enough to raise due process concerns. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (overruling prior precedent "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). Even if Mr. Allen's property-related claims did raise due process concerns, unauthorized deprivations of a prisoner's property do not violate due process where adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements."). Mr. Allen utilized the administrative remedy provided by the DOC. The fact that he did not prevail does not render the grievance procedure inadequate. *See Allen v. Reynolds*, No. 11-1266, 475 F. App'x 280, 283 (10th Cir. April 6, 2012) (unpublished). Mr. Allen also had an adequate state post-deprivation remedy under the Colorado Governmental Immunity Act, at COLO. REV. STAT. § 24-10-118. *See Amin v. Voigtsberger*, No. 13-1400, 2014

WL 1259570, at *4 (10th Cir. Mar. 28, 2014) (unpublished).

Claim four will be dismissed as legally frivolous.

**B. Rule 65 Motion**

Mr. Allen asks the Court to enjoin the DOC from transferring him to another DOC facility while this action is pending. The Court construes the motion liberally as a request for a temporary restraining order or preliminary injunctive relief.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). To obtain a preliminary injunction, Mr. Allen must demonstrate, *inter alia*, that he faces irreparable injury of the preliminary injunction is denied. *See Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

Mr. Allen does not explain in the motion how he will be harmed irreparably if his request for preliminary injunctive relief is denied. His speculative concern that transfer to a different DOC facility may impede his constitutional right of access to the courts is insufficient to warrant injunctive relief. Accordingly, it is

ORDERED that the "Motion Pursuant to F.R.C.P. 65" (ECF No. 12), filed on July 11, 2014, is DENIED. It is

FURTHER ORDERED that the Amended Complaint and this action are DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated July 21, 2014, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court